## MATT. ZALLNER vs. THE STATE.

COURT OF APPEALS, TYLER TERM, 1883.

*Carrying Weapons—Indictment.* Under the provisions of the Revised Code upon this subject, it is unnecessary that an indictment should allege more than that the defendant did unlawfully carry upon his person, etc , the forbidden weapon. Under former laws the exceptions were contained in the enacting clause, and it was requisite that each should be substantially negatived. It was never necessary to prove these negative averments, they being exclusively matters of defense.

*Same.* The defense set up the exception named in Art. 319 of the penal code, i. e. that the weapon was carried "upon his own premises." The proof was that the property was occupied by a tenant under an unexpired lease, and the lease recited no reservation authorizing the proprietor (the defendant) to enter upon it at will. *Held*, that the defense was untenable. See the opinion *in extenso* on the question.

Appeal from Rockwall County.

*Wood & Charlton* for the appellant.

*J. H. Burts* Assistant Attorney General for the State.

Opinion by White, P. J.

In this case two grounds are urged in the motion in arrest of judgment. 1. "The judgment is not supported by law." 2. "The information is insufficient because it fails to negative the exception contained in Art. 319 of the penal code, with reference to unlawfully carrying arms."

With regard to the second ground, it was said in Lewis vs. State, 7 Ct. App., "under the provisions of our present penal code negativing the keeping and bearing of deadly weapons, it is unnecessary in

an indictment to allege more than that the defendant did unlawfully carry upon his person, etc., the forbidden weapon. Under former laws the exceptions were contained in the enacting clause, and it was requisite that each should be substantially negatived. It was never necessary to prove these negative averments, they being always held as matters of defense."

As to the first proposition, viz : that the judgment is not supported by law, the facts, in substance, were, that appellant, at the time he was charged with carrying the weapon unlawfully was so carrying it upon land owned and belonging to himself and brother, but which they had leased to and were in possession of a tenant. The theory of the defense was that the land being his own, it was no violation of law for defendant to carry or be found carrying a weapon upon his own premises, the right to do so being reserved to him by the exception contained in Art. 319 of the Penal Code. It appears from the evidence that he had leased the premises for a year, and the lease which was in writing is set forth in the statement of facts. We find in it no reservation which gave him the right during the term to enter at will upon the rented premises, and use them as he would his own. In the absence of such a reservation the general rules as to rights of landlord and tenant would obtain. These are succinctly stated by Mr. Wood in his standard work on Landlord and Tenant,

At section 538 he says : "As has been previously stated, when the tenant enters into posession of the premises under a lease, the landlord, during the term parts with all his rights of control over the same, except as to injuries affecting his revisionary interests. He has no more right to enter upon his premises except in so far as he has reserved that right in the lease, than a stranger to the title, even though he has covenanted to repair, and if he enter without license from the tenant, he is liable in trespass therefor. * * * The tenant during the term is invested with all the right of control over the premises that the landlord himself would possess. * * * The landlord's rights as to possession are suspended from the time when the tenant takes possession under the lease, and no right of entry on his part is implied for any purpose, unless specially reserved," etc. In principle, this same rule was held in Brumley vs. State, 12 Tex. Ct. App. 609, where the doctrine announced was that, "a tenant in possession of leased premises is the owner thereof until the expiration of the lease," etc; and there is nothing in Bell's case, 7 Tex. Ct,

App. 25, which is contradictory of or militates against the doctrine.

In this view of the law of the case, we can perceive no error in the action of the court on appellant's application for continuance, nor in admitting the evidence to which the bills of exception were reserved. There being no error the judgment is affirmed.